Pedro F. Rodríguez, demandante y apelado, *v.* Porto Rico Dairy, Inc., demandada y apelante.

No. 6509.—*Sometido:* Diciembre 18, 1933. *Resuelto:* Diciembre 22, 1933.

*L. Toro Cabañas*, abogado de la apelante; *L. Dubón*, abogado del apelado; *C. Torres Laborde*, abogado del Síndico de la demandada apelante.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

F. A. Powers, en su carácter de administrador de The Porto Rico Dairy Inc., otorgó veinte pagarés por la cantidad de $212.50 cada uno, a favor del demandante Pedro F. Rodríguez. Estas obligaciones proceden de la venta de tres *trucks* marca "Day Elder", preparados como guaguas para conducir leche, que, con sus licencias y pólizas de seguro pasaron a poder de la demandada, en cuya posesión se encontraban cuando se celebró la vista de esta causa en la corte inferior. No hay duda acerca de la autenticidad y otorgamiento de estos pagarés que se hacen formar parte de la demanda, toda vez que la contestación no aparece jurada de

acuerdo con el artículo 119 del Código de Enjuiciamiento Civil.

En su contestación alega la demandada que en 13 de mayo de 1932, una llamada Junta Directiva suya designó como administrador de la corporación al Sr. F. A. Powers, no existiendo poderes por parte de aquélla para hacer tal nominación, ni para darle autoridad al administrador para firmar obligaciones a nombre de The Porto Rico Dairy Inc.; que dicha junta directiva no fué elegida en la forma determinada en la ley de corporaciones y aceptada en las cláusulas de incorporación y estatutos de la compañía, estando impugnado el nombramiento de todos y cada uno de sus miembros, y careciendo dicha junta de autoridad para representar y obligar a la demandada; y que el libramiento por F. A. Powers, en 13 de mayo de 1932, de los documentos de crédito que se acompañan a la demanda, no tienen la condición de documentos librados por la Porto Rico Dairy Inc. ni en forma alguna son exigibles.

La exigibilidad de las obligaciones contraídas ha quedado satisfactoriamente probada.

En julio 6 de 1932, Dolores McCormick presentó demanda contra The Porto Rico Dairy Inc. y Ganaderos Unidos, Inc., sobre cobro de acciones y nombramiento de administrador judicial, y en ese caso, por resolución de la Corte de Distrito de San Juan fechada 15 de diciembre de 1932, y por el fundamento de que dicha corporación Porto Rico Dairy Inc. estaba en peligro de insolvencia como consecuencia de pérdida en los negocios y mala administración, se decretó el nombramiento de un síndico para hacerse cargo de los bienes de la misma, conservarlos y administrarlos durante la pendencia del litigio.

La prueba aportada demuestra que el demandante vendió tres guaguas de su propiedad a la demandada por la cantidad de $4,250, conviniéndose que esta suma se pagaría a razón de $212.50 semanales. Conforme a lo convenido suscribió la demandada por conducto de su administrador F. A. Powers

veinte pagarés por $212.50 cada uno. El demandante declara, y su testimonio no aparece contradicho, que hizo el negocio con la directiva en pleno; que la corporación demandada fué llamada a reunión una noche, para hacer el negocio con él, y que doce de las obligaciones autorizadas por la demandada han sido ya pagadas por la misma. El contrato se llevó a efecto siendo Presidente de la corporación el Sr. Jesús Piñero. Ricardo La Costa declara que fué Presidente de la corporación demandada y tuvo conocimiento de las obligaciones suscritas a favor del demandante, de las cuales se habían pagado doce, quedándose a deber ocho; que en vista de esto, decidió pagar al Sr. Rodríguez, pero como había tantas obligaciones que estaban en las mismas condiciones en aquella fecha, y tantos embargos en distintos pleitos, no se le podía pagar a todo el mundo de acuerdo con los respectivos vencimientos, e hizo una operación con el Sr. Rodríguez en el sentido de semanalmente pagarle la mitad del importe de cada obligación; que antes de hacer esta proposición se enteró de la procedencia de los pagarés y de la venta de unos *trucks* que usaba en aquella fecha la corporación, cuando el testigo ejercía de Presidente; y que no pudo cumplir el compromiso contraído porque vino el ciclón de San Ciprián, las cosas se empeoraron y no hubo dinero para pagar a los empleados de la corporación. Preguntado por el abogado de la demandada si como Presidente de la Porto Rico Dairy investigó si la persona que firmó esos documentos estuvo autorizada para firmar de acuerdo con el libro de actas, contestó que trató de investigar eso, pero se encontró en el libro de actas una que aparece en la página 97 del mismo, donde se hizo constar que la corporación había trabajado mucho tiempo sin levantar actas y se exoneraba al secretario por no llevar las actas, y que la fecha en que se otorgó la obligación comprende la fecha a que se refiere el libro de actas. Esta última parte de la declaración del testigo está confirmada por un acta de una reunión celebrada por la Junta de Directores de la corporación demandada en 22 de junio de 1932, donde

se hace constar que el libro de actas de The Porto Rico Dairy Co. demuestra que la última que se hizo constar en dicho libro es de fecha 25 de abril de 1932, siendo Presidente el Sr. Piñero y Secretario interino el Sr. López Ramírez, y que después, a partir del folio 97 de dicho libro, no consta ningún acta de directores ni accionistas. El contrato de venta de las guaguas aparece celebrado en 14 de mayo de 1932.

De la opinión emitida por la corte inferior copiamos lo que sigue:

". . . No existen las actas de las juntas celebradas por The Porto Rico Dairy Inc. desde abril 25, 1932, a junio 22, 1932, donde debía aparecer el nombramiento de F. A. Powers, como administrador, y la autorización para la compra de los vehículos de motor a que se refiere este pleito. Sin embargo, de una escritura sobre rescisión de varios contratos y otros extremos, otorgada en 14 de mayo de 1932, por Pedro F. Rodríguez y Jesús T. Piñero, éste como presidente de Ganaderos Unidos Inc., aparece que esta corporación recibió para beneficio de The Porto Rico Dairy Inc., los referidos vehículos de motor, expidiéndose en dicho acto y entregándose a Pedro F. Rodríguez, 20 pagarés a la orden, por la suma de $212.50 cada uno, que llevan fecha 13 de mayo de 1932, pagadero el primero el día 21 de mayo de 1932 y los demás hasta su extinción consecutivamente una semana después y durante veinte semanas. En las cláusulas de incorporación de The Porto Rico Dairy Inc. se provee el nombramiento de un administrador por la junta directiva. El control de The Porto Rico Dairy Inc. lo tenía Ganaderos Unidos Inc., según resulta de la demanda en el referido caso No. 17004, estando constituída la junta directiva de ambas corporaciones por las mismas personas y siendo entonces presidente de las dos corporaciones el Sr. Jesús T. Piñero. Los pagarés fueron firmados por F. A. Powers, actuando como administrador de The Porto Rico Dairy Inc., y numerados del uno al veinte, ambos inclusive, y se entregaron a Pedro F. Rodríguez, a vencer el último pagaré el 1 de octubre de 1932. La Corporación demandada pagó puntualmente las doce primeras obligaciones, pero no.así las restantes, y se cobran mediante esta acción las números 14 a 20, ambos inclusive, pero no así la número 13 que ha sido objeto de acción independiente porque se había extraviado. En el informe de los síndicos señores F. López del Valle y Arturo E. Bravo, de diciembre 21, 1932, página 18, y bajo el título 'Obligaciones a pagar', está la deuda de Pedro F. Rodríguez,

de los ocho pagarés pendientes de pago, por $212.50 cada uno y en total $1700.00; y en el mismo informe, a la página 16, se describen las guaguas Day Elder compradas al demandante, bajo las licencias números H–178, H–180 y C–512. Este informe fué hecho de acuerdo con las constancias de los libros de la corporación.''

Hemos estudiado detenidamente toda la prueba aportada en este caso, tanto la documental como la testifical, y hemos llegado a las mismas conclusiones establecidas por la corte inferior. La defensa de que el administrador de la corporación demandada no tuvo autoridad para obligarla en la transacción que culminó en la compra de las guaguas al demandante, no puede prevalecer. El demandante declara, sin que su testimonio haya sido contradicho, que contrató directamente con la directiva de la corporación demandada, y la prueba demuestra claramente que esta corporación tomó posesión de las guaguas y las utilizó, y aceptó el contrato por conducto de sus presidentes Jesús Piñero y Ricardo La Costa, y pagó doce de los veinte pagarés que suscribiera, quedando a deber los restantes. Añádase a lo dicho el inventario de los síndicos, donde aparecen descritas las guaguas, y el informe de los mismos, donde la deuda del demandante figura entre las obligaciones a pagar. La parte apelada en este caso solicita la desestimación del recurso de apelación que ha interpuesto la corporación demandada, por considerar enteramente frívolo el referido recurso. Opinamos con el demandante que la frivolidad es manifiesta y que *debe declararse con lugar la moción de desestimación.*